UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICHOLAS C. PAPPAS,<br><br>    Plaintiff,<br><br>  v.<br><br>SERGEANT ROJAS, et al.,<br><br>    Defendants. | Case No. CV 13-3491-CJC (SP)<br><br>MEMORANDUM AND ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE |

## I.

## **PROCEEDINGS**

On May 23, 2013, plaintiff Nicholas C. Pappas, a California prisoner proceeding pro se, filed a complaint under 42 U.S.C. § 1983. In the complaint, plaintiff alleges that his civil rights were violated when he was subjected to excessive force and his property was taken during a cell extraction at the Men's Central Jail. Plaintiff named five defendants in both their individual and official capacities, all of whom are apparently employed by the Los Angeles County Sheriff's Department ("LASD"): (1) Sergeant Rojas; (2) Deputy Marco Chavez; (3) Deputy Pace; (4) Deputy Leon; and (5) Custody Assistant Vega.

The Court issued its initial order in this case on June 3, 2013, in which the Court advised plaintiff that it was screening the complaint pursuant to 28 U.S.C. § 1915(e)(2).

In accordance with the terms of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court screened the complaint for purposes of determining whether the action was frivolous or malicious, or failed to state a claim on which relief might be granted, or sought monetary relief against a defendant who was immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b). After careful review and consideration of the allegations of the complaint under the relevant standards, the Court found that its allegations were insufficient to state a federal civil rights claim. Specifically, the Court found that: (1) the complaint failed to state a claim against any defendant in his or her official capacity; (2) plaintiff's assertion of claims under the Fourth Amendment, and possibly the Eighth Amendment, was in error; (3) the complaint failed to state an excessive force claim; (4) the complaint failed to state a claim for deliberate indifference to medical needs; (5) the complaint failed to state a theft or due process claim; (6) the complaint does not state a claim for retaliation; and (7) the complaint could not state a claim for felony battery. Accordingly, on June 26, 2013, the Court issued an Order dismissing the complaint with leave to amend.

The Court mailed the Order to plaintiff at his address of record, his place of incarceration at the Men's Central Jail in Los Angeles, California. The Order directed plaintiff, if he wished to pursue this action, to file a First Amended Complaint by July 26, 2013, curing the enumerated deficiencies. The Order expressly admonished plaintiff that if he failed to timely file a First Amended Complaint, the Court may recommend that this action be dismissed. The mailing to plaintiff with the Order was returned to the Court as undeliverable on July 29, 2013, with an indication that plaintiff had been released from custody.

After the June 26, 2013 Order was returned undeliverable to the Court, the Court issued, on August 5, 2013, an order to show cause ("OSC"), ordering plaintiff to show cause in writing by August 19, 2013 why the complaint should not be dismissed for failure to prosecute and/or comply with a court order. The Court cautioned plaintiff that failure to timely file a response to the OSC may be deemed as consent to the dismissal of

the action without prejudice. On August 7, 2013, plaintiff filed a notice with the Court of his new address, stating that he had been moved to another institution.

Plaintiff's address of record was thus changed and, in light of the notice of change of address, on August 14, 2013 the Court discharged the August 5, 2013 OSC. Because it was not clear to the Court when plaintiff was moved to a new institution, the Court extended the deadline for plaintiff to file a First Amended Complaint to September 13, 2013. In addition, because of the ambiguity concerning when plaintiff was moved to a new institution, the Court directed the Court Clerk to send plaintiff (1) another copy of the Order Dismissing Complaint with Leave to Amend that was filed in this case on June 26, 2013, and (2) a blank Central District civil rights complaint form to use for filing a First Amended Complaint. Finally, the Court again cautioned plaintiff that failure to timely comply with the Order Dismissing Complaint with Leave to Amend, including the new September 13, 2013 deadline to file a First Amended Complaint, may result in a recommendation that this action, or portions thereof, be dismissed.

The September 13, 2013 deadline came and went and the Court did not receive a First Amended Complaint or any other communication from plaintiff. The Court then provided plaintiff with one last chance, issuing a second OSC on October 9, 2013 in which the Court ordered plaintiff to show cause in writing by October 30, 2013 why the action should not be dismissed for failure to prosecute and/or comply with a court order. Plaintiff was again cautioned that his failure to timely file a response to the OSC may be deemed by the Court as consent to the dismissal of this action without prejudice. The Court also explained that in the event plaintiff wished to voluntarily dismiss this action, he could complete and return a Notice of Dismissal form by October 30, 2013.

Plaintiff failed to respond to the OSC by October 30, 2013 as ordered and failed to file a First Amended Complaint by October 30, 2013. He also did not voluntarily dismiss the action by that date. The Court has not received any response or other communication from plaintiff since the change of address filing.

## II.

## DISCUSSION

The original complaint filed by plaintiff herein suffers from the pleading deficiencies discussed in the Court's June 26, 2013 Order dismissing the complaint with leave to amend. But when the Court first attempted to apprise plaintiff of the complaint's deficiencies, the Order dismissing the complaint with leave to amend was returned to the Court as undeliverable. After plaintiff filed a notice of change of address, the Court discharged the OSC it had issued on August 5, 2013, served plaintiff with another copy of the Order Dismissing Complaint with Leave to Amend, and extended the deadline for plaintiff to file a First Amended Complaint to September 13, 2013. This accommodation went unacknowledged by plaintiff, who failed to file a First Amended Complaint on or before the extended September 13, 2013 deadline. The Court provided plaintiff with one last chance by issuing a second OSC ordering him to show cause in writing by October 30, 2013 why the action should not be dismissed for failure to prosecute and/or comply with a court order. Plaintiff again failed to file a First Amended Complaint remedying the original complaint's deficiencies. Further, plaintiff also failed to respond to the second OSC by the deadline to do so. Plaintiff's failure to file a First Amended Complaint or to respond to the Court's October 9, 2013 OSC, despite being admonished of the consequences, evidences a lack of prosecution on his part.

It is well established that a district court has authority to dismiss a plaintiff's action because of his or her failure to prosecute or to comply with court orders. *See* Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-30, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962) (a court's authority to dismiss for lack of prosecution is necessary to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the district courts); *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (weighing factors); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the court).

In *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988), the Ninth Circuit affirmed

the district court's dismissal of a case for failure to prosecute. The Ninth Circuit cited the following factors as relevant to the district court's determination of whether dismissal of a pro se plaintiff's action for failure to prosecute is warranted: "'(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits and (5) the availability of less drastic sanctions.'" *Id.* at 1440 (quoting *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986)).

In this case, plaintiff failed to file a First Amended Complaint as directed, and failed to respond to the Court's October 9, 2013 OSC. Plaintiff's failure to follow the Court's orders and to prosecute his case has caused this action to languish, impermissibly allowing plaintiff to control the pace of the docket rather than the Court. *See Pagtalunan*, 291 F.3d at 642 ("It is incumbent upon the Court to manage its docket without being subject to routine noncompliance of litigants."). Plaintiff's conduct indicates that he does not intend to litigate this action diligently, or at all. Thus, the first and second factors weigh in favor of dismissal. *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("[T]he public's interest in expeditious resolution of litigation always favors dismissal.").

A rebuttable presumption of prejudice to defendants arises when a plaintiff unreasonably delays prosecution of an action. *See In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Although the defendants here have not yet been served and the pendency of a lawsuit is not itself sufficiently prejudicial to warrant dismissal (*Pagtalunan*, 291 F.3d at 642), nothing suggests that the presumption of prejudice to defendants is unwarranted here. Where a party offers a poor excuse for failing to comply with a court's order, the prejudice to the opposing parties is sufficient to favor dismissal. *See Yourish*, 191 F.3d at 991-92. Here, plaintiff has not offered any excuse for his failure to comply with the Court's initial orders. Further, "[u]nnecessary delay inherently increases the risk that witnesses' memories will fade and evidence will become stale." *Pagtalunan*, 291 F.3d at 643 (citing *Sibron v. New York*, 392 U.S. 40, 57, 88 S. Ct. 1889, 20 L. Ed. 2d

5

917 (1968)).  Thus, the third factor also weighs in favor of dismissal.

It is a plaintiff's responsibility to move a case toward a disposition at a reasonable pace and to avoid dilatory and evasive tactics.  *See Morris v. Morgan Stanley & Co.*, 942 F.2d 648, 652 (9th Cir. 1991).  By failing to file a First Amended Complaint and to respond to the Court's October 9, 2013 OSC, plaintiff has not discharged this responsibility.  In these circumstances, the public policy favoring resolution of disputes on the merits does not outweigh plaintiff's failure to comply with court orders or move the case forward.

The fifth factor, the availability of less drastic sanctions, ordinarily counsels against dismissal.  "Alternative sanctions include: a warning, a formal reprimand, placing the case at the bottom of the calendar, a fine, the imposition of costs or attorney fees, the temporary suspension of the culpable counsel from practice before the court, . . . dismissal of the suit unless new counsel is secured [,] . . . preclusion of claims or defenses, or the imposition of fees and costs upon plaintiff's counsel. . . ."  *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 132 n.1 (9th Cir. 1987) (citation and internal quotation omitted).  In the instant case, however, each of these possibilities is either inappropriate for a pro se litigant proceeding in forma pauperis under the PLRA or has already been employed with no apparent effect.

The Court attempted to avoid dismissal by: (1) cautioning plaintiff in its June 26, 2013 dismissal order that failure to timely file a First Amended Complaint may result in a recommendation of dismissal; (2) after the dismissal order was returned as undeliverable, issuing an OSC in which the Court warned plaintiff that failure to timely respond to the OSC would be deemed by the Court as consent to dismissal of the action without prejudice; (3) after receiving the notice of change of address, discharging the August 5, 2013 OSC and sua sponte extending the deadline for plaintiff to file a First Amended Complaint, with yet another warning that failure to comply could result in dismissal; (4) after plaintiff failed to file within the time afforded by the extended deadline, issuing a second OSC ordering a response or the filing of a First Amended Complaint by October

30, 2013, with a final warning that failure to reply may result in dismissal of the action; and (5) waiting more than two weeks beyond the deadline to respond to the OSC and file a First Amended Complaint before issuing this order.  Four of these actions by the Court took place after plaintiff was in noncompliance with the June 26, 2013 dismissal order. *See Pagtalunan*, 291 F.3d at 643 & n.4 (citing *Yourish*, 191 F.3d at 992, for the proposition that pursuit of less drastic alternatives prior to a party's noncompliance with court order will not satisfy factor, despite implied holdings of earlier cases).  Plaintiff has not communicated with the Court in any fashion since he filed the notice of change of address more than three months ago.  Further, dismissal without prejudice is less drastic than dismissal with prejudice.  As there appears to be no less drastic sanction than dismissal without prejudice now available, the fifth factor weighs in favor of dismissal.

Based on the foregoing, dismissal of the complaint without prejudice is warranted for failure to prosecute and to obey court orders.

## III.
## ORDER

IT IS THEREFORE ORDERED that Judgment shall be entered dismissing this action without prejudice.

DATED: November 21, 2013

_____
HONORABLE CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE

Presented by:

_____
SHERI PYM
UNITED STATES MAGISTRATE JUDGE